UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE



FILED

MAY 25 2023

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

| | |
|---|---|
| **SHARLES JOHNSON and** ) | |
| Minor Johnson (7) ) | |
| Minor Johnson (8) ) | |
| Minot Johnson (15) ) | |
| Minor Johnson (17) ) | |
| *Plaintiffs*, ) | Case No. 3:23-CV-183 |
| v. ) | Varlan / McCook |
| **KNOX COUNTY SCHOOL BOARD** ) | Jury Trial *(check one)* ☐ Yes ☐ No |
| Knox County Schools attorney; Gary Dupler ) | |
| Kristi Kristy (personal and official capacity) ) | |
| John Butler (official capacity) ) | |
| Jennifer Owen (personal and official capacity) ) | |
| Daniel Watson (personal and official capacity) ) | |
| Katherine Bike (personal and official capacity) ) | |
| Susan Horn (personal and official capacity) ) | |
| Betsy Henderson (personal and official capacity) ) | |
| Steve Triplett (personal and official capacity) ) | |
| Mike McMillan (personal and official capacity) ) | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Non-Prisoner Complaint)

1

## Introduction

This lawsuit against Knox County Schools (KCS) is meant to educate the school system about its place and position in the family home by affirming that their employers (parents) can speak directly to individual board members (such as Katherine Bike and Daniel Watson), "call out and up" all administration, principals, supervisors, security guard staff, the security guard chief (Jason Periard), staff, and the Superintendent (John Rysewyk) with First Amendment-protected speech in a public forum.

The plaintiffs have reached out to Knox County school board members, particularly those who oversee our schools, such as Katherine Bike and Daniel Watson. The plaintiffs have informed the school board that the policy violates constitutional rights. However, as usual, there has been no response. In the culture of Knox County Schools, board members, administration, the superintendent, and the security department believe that they are not obligated to respond to anyone, especially someone they consider beneath them.

Knox County Schools, believing they are not accountable to anyone, have been passing policies that violate constitutional rights. They also employ various tactics to suppress speech from individuals who address their behaviors and actions.

The current Public Forum policy of Knox County Schools goes as far as prohibiting individuals from publicly criticizing school officials and staff members unless parents relinquish their protected constitutional rights.

As a result, a false belief has been fostered that KCS is beyond reproach. This creates an atmosphere where parents feel they are approaching the elevated "lords" of Knox County Schools and must be cautious in their speech and expressions. However, the reality is that parents are the rightful "Kings and Queens of Knox County Schools" who enter the throne room to address those who serve them.

The board policy of Knox County Schools utilizes the terms "civil" and "courteous" as a means to suppress protected speech. It is reasonable to conclude that KCS is excessively sensitive and lacks the ability to engage in open and honest conversations. There appears to be a culture of fragility within the school system, where individuals' egos are safeguarded, and dissenting voices are stifled.

KCS has implemented policies (B-180) in order to evade public scrutiny in a public forum. It is important to recognize that freedom of speech does not entail immunity from being offended or shielded from having one's feelings hurt.

KCS schools and the board resort to unconventional measures to punish individuals who exercise their right to free speech and criticize their questionable actions. Furthermore, labeling

someone as "uncivil" (Board Policy B-230) can serve as a means for individuals to camouflage their own insecurities, emotional distress, and exert control over protected speech..

Mr. Sharlès Johnson is the father of eight children, all of whom have attended or are attending Knox County Schools.

For the past 13 years, Mr. Johnson has been trying to educate the school board, administration, and security department about their bigotry, complete ignorance, disrespect for ALL family boundaries and their continual "race-ish" behaviors.

The minor Johnson children in 1st and 2nd grade sent a letter and emails to Knox County Schools board and administration, with NO responses. The public forum is the proper place to name people, speak freely, and call out distinct actions or the unwillingness to act

The plaintiffs can't have that freedom according to Knox County Public Forum and Civility policy. "The caucasity" (def: Caucasian audacity) is sickening. KCS is retaliatory so one can only imagine what they would say or do if someone violated they're unconstitutional policy.

Knox County Schools cannot teach children about being good citizens when they are horrible people.

The plaintiffs have endured retaliation, discrimination, and solidarity alongside evil from generations of administration and central office staff who try to control, manipulate, and fabricate things to control speech. The plaintiffs have tried to communicate with KCS through emails, certified letters, and phone calls, but to no avail.

If(when) the minor plaintiffs have problems with KCS or anyone who they allow on school property does anything unethical or race- ish, the minor children will receive( have) no responses the board meeting would be the proper avenue to call out their lack of response and callousness.

From a biblical perspective, prophets are called to be countercultural and speak out against any culture or place that has aligned itself with evil. Mr. Johnson continues to hold the line, even in the face of retaliation, discrimination, and policies meant to violate freedom of speech and expression.

Every parent or citizen has the freedom of speech and the freedom to address Knox County Schools in a public forum without hindrance or fear of retaliation. The public forum policy (B-180 Exhibit One)is unconstitutional because of the requirement that speakers must ***"show their respect."*** This is subjective and arrogant terminology such as "civil" and "courteous." This phrase lends itself to broad interpretation by the board based on their feelings.

"The public forum policy's 'civil and courteous' requirement impermissibly targets speech that is unfavorable or critical of the KCS Board while allowing other positive, praiseworthy, and complimentary speech.

Knox County Schools uses this policy to avoid "any potential negativity or excessive critiques" of the administration, board members, security department, principals, staff, and the superintendent. The enforcement of this policy is "viewpoint-based." This "fear" exhibits fragility.

The public forum policy is unconstitutional because of the requirement that speakers must "show respect" using subjective and arrogant terminology such as "civil" and "courteous." This phrase lends itself to broad interpretation by the board based on their feelings.

"The public forum policy's 'civil and courteous' requirement impermissibly targets speech that is unfavorable or critical of the KCS Board while allowing other positive, praiseworthy, and complimentary speech.

Knox County Schools uses this policy to avoid "any potential negativity or excessive critiques" of the administration, board members, security department, principals, staff, and the superintendent. The enforcement of this policy is "viewpoint-based." This "fear" exhibits fragility.

The board's policy banning speakers from using **"degrading or insulting"** remarks during meetings should not be enforced, as such speech is protected by the First Amendment in the context of a government meeting.
Parents and taxpayers have the right to harshly criticize public officials. KCS has made unlawful attempts to sanitize how parents speak in the presence of elected officials and other adults.

The KCS district cannot enforce **"show their respect"**, "civil or courteous" requirement" or any rules that prevent speakers from addressing board members or the superintendent individually or from making "profane, uncivil, or abusive" remarks.

*If the Knox County Schools board, staff members, administration, and security officers do not want their unethical or unprofessional actions addressed or called out, perhaps they should refrain from engaging in them. KCS is using policy to conceal their actions hidden in the dark.*

The Knox County Schools public forum policy B- 180 (Exhibit One)and Civility B-230(Exhibit Two)just another way to stifle free speech. The Knox County Schools board and staff may find language offensive but the law is clear giving offense is a First Amendment protected viewpoint. The court should put an end to the defendant's unconstitutional censorship of the plaintiff's speech.

### *Plaintiffs*:

Plaintiff Sharles Johnson is a natural person and a citizen of Tennessee. He is a resident of Knox County School district.

Plaintiff Minor male child (8 years old). A resident of Knox County School District. A natural person and a citizen of Tennessee.

Plaintiff Minor female child (7 years old). A resident of Knox County School district. A natural person and a citizen of Tennessee.

Plaintiff Minor male child (17 years old). A resident of Knox County School District. A natural person and a citizen of Tennessee.

Plaintiff Minor male child (15 years old). A resident of Knox County School District. A natural person and a citizen of Tennessee.

### *Defendants*:
Knox County Schools (KCS) is a school district that operates the public schools of Knox County Tennessee. Knox County Schools operate within policies set by a nine-member Board of Education. Board members are elected by district to a four-year term which has the primary role of legislating the school system's policies and transaction business pertaining to the public schools. The policies lead to the operation and "success" of the local school system.

Board Members:

Kristi Kristy Chair, 9th District. She is sued in her official and personal capacities.

Board Member: John Butler 1st District is sued in his official capacity.

Board Member: Jennifer Owen 2nd District. She is sued in her official and personal capacities.

Board Member: Daniel Watson 3rd District. He is sued in his official and personal capacities. He sits complicit over Bearden High school.

Board Member: Katherine Bike 4th District. She is sued in her official and personal capacities. She sits silently over A.L. Lotts elementary school.

Board Member: Susan Horn 5th District. She is sued in her official and personal capacities.

Board Member: Betsy Henderson Vice Chair 6th District. She is sued in her official and personal capacities.

Board Member: Steve Triplett 7th District. He is sued in his official and personal capacities.

Board Member: Mike McMillan 8th District. He is sued in his official and personal capacities.

Gary Dupler KCS attorney. He's sued in his personal and official capacity. Mr. Dupler approved the policies in question.

### *Facts*:

1.     Mr. Johnson recently reached out to members of the Knox County School's board, specifically highlighting Katherine Bike and Daniel Watson, who oversee his children's schools. In his communication, Mr. Johnson expressed his concerns regarding certain policies and practices that he believed were incorrect, inappropriate and unconstitutional.

2.     The email also included Superintendent John Rysewyk and Jason Periard, but as before, they chose not to respond to Mr. Johnson's message.

3.     The minor plaintiffs requested to interview and speak with KCS administration but only received responses from two principals. This lack of response from school officials demonstrates a persistent disregard for parental input, particularly from a parent who is a black man and a strong believer in family and Jesus.

4.     Mr. Johnson understands the insecurities and apprehensions that arise when Knox County Schools, for years, fail to engage with someone who is equally or even more educated than they are. This can be intimidating. Knox County Schools has resorted to some highly creative and troubling methods in an attempt to silence the plaintiffs' speech regarding how all families in Knox County Schools should be treated and respected.

5.     The minor plaintiffs are aware of individuals who claim to model good citizenship but exhibit bad behaviors without offering any explanations. As the 8-year-old plaintiff stated, "It's hard to lie to a kid's face." Knox County School's policy specifically states that a parent needs to be involved in the child's education because it is critical. But what Knox County Schools has intentionally done was put the Johnson children in critical condition.

6.     **Public forum board policy B- 180 (Exhibit 1)** 26-28. The board requests public forum speakers address **_remarks to the entire board and not individual members._** Each person speaking shall State his or her name and County of residence and have up to 3 minutes to make remarks…

7.     **_B-180:31-36_** The board respects and appreciates the **good intentions** that bring citizens to speak at the public forum. The board asked that speakers **show their respect** for the board, the staff and other citizens by **_speaking_** in a manner that is **_civil and courteous._** The

chair or vice chair shall have the authority to **terminate remarks** of any individual who is **disruptive, degrading and or insulting** or who does not **adhere** to the **public forum rules.**

8. **Knox County Schools Civility policy B-230 (Exhibit 2)** claims to support freedom of expression. However, their actions contradict this claim.

9. **The board does not condone a lack of civility** by anyone and recognize the appropriate administrative avenues for a grief party to seek action or readdress.

10. It is the intent of the board to **promote mutual respect civility** in orderly conduct among District employees, parents and the general public. This policy provides rules of conduct that both permit and encourage participation between parents, community members and District personnel.

11. **The last statement is a complete lie.** The board does not allow a redress or seek any type of actions or encourage participation.

12. Finally, the plaintiffs have endured retaliation, discrimination, and solidarity alongside evil from generations of administration and central office staff who try to control, manipulate, and fabricate things to control speech. The plaintiffs have tried to communicate with KCS through emails, certified letters, and phone calls, but to no avail.

13. So having a First Amendment protected "conversation" with the constitution as a foundation would provide relief for the plaintiffs and all Knox County parents. There wouldn't be a culture where parents feel there is no place or space to express their opinions freely without facing retaliation.

14. Knox County Schools should welcome public scrutiny and free speech. This is how educators become more educated or truly model being "lifelong learners."

15. The plaintiffs ask that the courts find that Knox County Schools board doesn't have the legal or constitutional standing to enforce the following in a public forum or tell parents to speak among themselves.
    1. "Show your respect."
    2. "Not able to personally addressing the board members"
    3. "Request to keep remarks civil"
    4. Determination of what is civil(Policy B-230 and B-180)
    4. "Profane remarks"
    5. "Abusive remarks."

*<u>Jurisdiction and venue.</u>*

16. The court has subject matter jurisdiction over this action pursuant to 28 USC 1331 and 1343 and this action challenges defendant's violation of plaintiff civil rights pursuant to 42 USC 1983. Per 28 USC 1391(b)(1) and (b)(2), because all the parties are residents of this Judicial District Court and the events giving rise to these claims occurred and are occurring in this Judicial District, it is proper for this suit to be held in this court.

**CLAIMS FOR RELIEF**

COUNT ONE
RIGHT OF FREE SPEECH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C § 1983
FACIAL CHALLENGE TO THE PUBLIC FORUM POLICY

Plaintiffs reallege and incorporate by reference all previous paragraphs.

The First Amendment embodies "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." *New York Times Co v. Sullivan*, 376 U.S. 254, 270 (1964). The government may not silence speech because it criticized government officials or employees, or their favorite ideas or initiatives, even if that speech does so in ways that many people may find unpleasant. Allegations that speech is disrespectful, or offensive do not justify censorship of public speech.

First Amendment protections extend to public speech at school board meetings, by operation of the Fourteenth Amendment. "A public forum may be created by government designation of a place or channel of communication for use by the public at large for assembly and speech, for use by certain speakers, or for the discussion of certain subjects." *Cornelius v. NAACP Legal Def. & Educ. Fund*, 473 U.S. 788, 802 (1985) (citation omitted). A limited public forum exists where a government has reserved a forum for certain groups or for the discussion of certain topics. *See Cambridge Christian Sch., Inc. v. Fla. High Sch. Ath. Ass'n*, 942 F. 3d 1215, 1237 (11th Cir. 2019).

A school board meeting at which the public is allowed to speak is a designated public forum limited to discussing school operation and governance. The public comment period at

KCS school board meetings is a limited public forum for Knox County residents and taxpayers to discuss matters of public concern related to the school district.

Content restrictions on speech are "permitted in a limited public forum if [they are] viewpoint neutral and reasonable in light of the forum's purpose." *Barrett*, 872 F.3d at 1225.

Although a limited public forum may rightly limit speech at the forum to only certain content, the First Amendment does not tolerate viewpoint-based discrimination against speech within the scope of the forum's subject matter. Viewpoint discrimination occurs when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction." *Id.* At 1225 n.10 (internal quotation marks and citations omitted).

The public forum policy's prohibitions on personally addressing school board members; and on speech deemed to be "[un]civil," saying they have the authority to terminate the remarks of any individual who is "disruptive, degrading, and/or insulting or who does not adhere to Public Forum Rules, or by requiring that citizens show "respect for the board" and speak in a manner that is "civil and courteous" violates the First Amendment right of free speech on its face by impermissibly discriminating against speech on the basis of viewpoint. The First Amendment protects speech that constitutes a personal attack, or that is uncivil, profane, rude or disrespectful. And while defamation is not protected speech, the school board is not qualified to adjudicate on the spot whether any assertions of fact a speaker might make about another person are true. Defamation claims belong in court.

By enforcing the Public Forum Policy, the school board, under color of law, deprives Plaintiffs of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C § 1983, and, therefore, are entitled to damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of the school board's unconstitutional customers, policies, and practices, and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT TWO
RIGHT OF FREE SPEECH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS APPLIED CHALLENGE TO THE PUBLIC FORUM POLICY

Plaintiffs reallege and incorporate by reference all previous paragraphs.

All of Plaintiffs' public speech at Board meetings is fully protected by the Free Speech Clause of the First Amendment.

The school board censors speech because they disagreed with it. "The public expression of ideas may not be prohibited merely because the ideas are themselves offensive to some of their hearers." *Matal v. Tam*, 137 S. Ct. 1744, 1763 (2017) (internal quotation marks and citation omitted).

The Public Forum policy's prohibition of speech deemed "uncivil or not courteous, disruptive, degrading and/or insulting" violated and continues to violate Plaintiffs' First Amendment right of free speech by impermissibly discriminating against speech on the basis of its viewpoint.

The Public Forum Policy's prohibition on personally direct comments where the board requests speakers at Public Forum to address remarks to the entire Board and not individual members violates Plaintiffs' First Amendment rights because prohibiting the discussion of individuals is not reasonable in light of the public comment period's purpose. Discussion of matters germane to the school's operations will necessarily require referencing individuals-especially members of the school board.

By enforcing the Public Forum Policy against Plaintiffs, the school board, under color of law, deprived and continues to deprive Plaintiffs of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and, therefore, are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of the school board's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT THREE
RIGHT TO PETITION
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
FACIAL CHALLENGE TO THE PUBLIC FORUM POLICY

Plaintiffs reallege and incorporate by reference all previous paragraphs.

"The right to petition the government for a redress of grievances is one of the most precious of the liberties safeguarded by the Bill of Rights and is high in the hierarchy of First Amendment values. The right to petition the government for redress of grievances is such a fundamental right as to be implied by the very idea of a government, republican in form." *DeMartini v. Town of Gulf Stream,* 942 F.3d 1277, 1288-89 (11th Cir 2019) (internal punctuation marks and citations omitted).

The public comment period at school board meetings is a forum that enables people to exercise their fundamental First Amendment right to petition their elected government officials.

The public Forum policy's prohibition on addressing specific school board members; and on speech deemed "disruptive, degrading, insulting or not civil or courteous" violate the First Amendment right to petition on its face by impermissibly prohibiting and limiting petitions on the basis of viewpoint. These prohibitions are not designed to confine the forum to the limited purposes for which it was created. Instead, the Public Forum Policy suppresses petitions for redress and makes it harder for citizens to criticize government officials and ask for changes in policy.

By enforcing the Public Forum policy, the school board, under color of law, deprives Plaintiffs of the right to petition in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and therefore are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of the school board's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT FOUR
RIGHT TO PETITION
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
AS APPLIED CHALLENGE TO THE PUBLIC FORUM POLICY

Plaintiffs reallege and incorporate by reference all previous paragraphs.

All of Plaintiffs' public speech at Board meetings is fully protected by the First Amendment right to petition the government for a redress of grievances.

As applied against Plaintiffs, the Public Forum Policy's prohibitions on addressing specific school board members; and on speech deemed "disruptive, degrading, insulting or not civil or courteous" violated and continue to violate Plaintiff's First Amendment right to petition by impermissibly discriminating against their petitions on the basis of their viewpoint.

As applied against Plaintiffs, the Public Forum Policy's prohibitions on personally addressing specific school board members; and on speech deemed "disruptive, degrading, insulting or not civil or courteous" amount to a prohibition on mentioning individuals, also violate Plaintiffs' First Amendment rights because these prohibitions are not reasonable in light of the

public comment period's purpose. Petitioning a school board for redress of grievances will necessarily require referencing individuals- especially members of the Board.

By enforcing these provisions against Plaintiffs, the school board, under color of law, deprived and continues to deprive Plaintiffs of the right to petition in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and, therefore, are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of the school board's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

## COUNT FIVE
## VAGUENESS
## U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
## CHALLENGE TO THE PUBLIC FORUM POLICY

Plaintiffs reallege and incorporate by reference all previous paragraphs.

Because notice is the first element of due process, the Fourteenth Amendment's Due Process Clause prohibits the enforcement of vague laws. The First Amendment likewise forbids the enforcement of laws that are so vague as to chill protected speech.

The Public Forum Policy's prohibitions of speech deemed "uncivil, not courteous, disruptive, degrading, and insulting" are each unduly vague, serving only to authorize the board's arbitrary censorship of speech they dislike. These vague terms invite self-censorship by speakers so they can avoid being interrupted or cut off.

By enforcing these provisions, the school board, under color of law, deprives Plaintiffs of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and, therefore, are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of the school board's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT SIX
OVERBREADTH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
CHALLENGE TO THE PUBLIC FORUM POLICY

Plaintiffs reallege and incorporate by reference all previous paragraphs.

The First and Fourteenth Amendment prohibit the enforcement of overbroad laws that would punish protected speech. The Public Forum Policy's prohibition on speech deemed "disruptive, degrading, insulting or not civil or courteous" is overly broad, sweeping in protected political speech, pure opinions, or a true statement of fact.

By enforcing the provision, under color of law, deprives Plaintiffs of the right to free speech in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and, therefore, are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief against continued enforcement and maintenance of the school board's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988.

COUNT SEVEN
PRIOR RESTRAINT
U.S. CONST. AMENDS. I, XIV, 42 U.S.C. § 1983
CHALLENGE TO THE PUBLIC FORUM POLICY

Plaintiffs reallege and incorporate by reference all previous paragraphs.

If Plaintiffs adhere to the policy, they give up their rights. The prohibitions of "uncivil, not courteous, disruptive, degrading, and insulting" speech, grants the school board unbridled discretion to determine which speech may be expressed and which may not. By imposing a prior restraint on Plaintiffs' speech and subjecting their access to the forum to the school board's unbridled discretion, the school board, under color of law, deprive Plaintiffs of the rights to free speech and petition in violation of the First and Fourteenth Amendments to the United States Constitution. Accordingly, Plaintiffs are damaged in violation of 42 U.S.C. § 1983, and, therefore, are entitled to nominal damages, declaratory and preliminary and permanent injunctive relief

against continued enforcement and maintenance of the school board's unconstitutional customs, policies, and practices; and attorney fees and expenses pursuant to 42 U.S.C. § 1988

COUNT EIGHT
RIGHT OF FREE SPEECH
U.S. CONST. AMENDS. I, XIV, 42 U.S.C § 1983
FACIAL CHALLENGE TO THE CIVILITY CODE

Plaintiffs reallege and incorporate by reference all previous paragraphs.

The First Amendment embodies "a profound national commitment to the principle that debate on public issues should be uninhibited, robust, and wide-open, and that it may well include vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials." New York Times Co v. Sullivan, 376 U.S. 254, 270 (1964). The government may not silence speech because it criticized government officials or employees, or their favorite ideas or initiatives, even if that speech does so in ways that many people may find unpleasant. Allegations that speech is disrespectful, or offensive do not justify censorship of public speech

PRAYER FOR RELIEF

Wherefore, Sharles Johnson and minor children Johnson of Knox County, TN., request just judgment be entered in their favor and against the school board as follows.

    1.) An order permanently enjoining the school board, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the Public Forum Policy's prohibitions on personally addressing school board members and on speech deemed "uncivil, not courteous, disruptive, degrading, and insulting" and from discriminating on the basis of viewpoint in providing access to school board meetings.

2.) An order permanently enjoining the school board, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the Public Forum Policy's conditioning the right to speak on agreeing to the Board's viewpoint discriminatory policy.
3.) A declaration that the Public Forum Policy's prohibitions on speech personally addressing school board members and on speech deemed "uncivil, not courteous, disruptive, degrading, and insulting," are on their face and as applied to Plaintiff's unconstitutionally void and unenforceable, as they violate the First Amendment rights of free speech and petition and the Fourteenth Amendment's guarantee of due process against vague laws.
4.) To each Plaintiff, nominal damages in the amount of $222.16.
5.) Costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and
6.) Any other relief this court may grant in its discretion.

Dated: May 25, 2023.                                              Respectfully submitted,

*Sharles Johnson* (signature)

Sharles Johnson
68 Brasilia Ct.
Knoxville, TN 37923
Phone: 865-640-5459
Email: eagleswithcolor@gmail.com