UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| SHARLES JOHNSON, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) No. 3:23-CV-183-TAV-JEM |
| v. | ) |
| | ) |
| KNOX COUNTY SCHOOL BOARD, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER TO SHOW CAUSE**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiffs' Complaint for Violation of Civil Rights [Doc. 2] and the Application to Proceed in District Court without Prepaying Fees or Costs [Doc. 1]. For the reasons more fully stated below, the Court **HOLDS IN ABEYANCE** Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**].

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1] Courts also have a continuing duty to ensure that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). To

---

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Brock*, 549 U.S. 199 (2007).

survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff Sharles Johnson and his four minor children filed suit against the Knox County School Board ("Board"), nine members of the Board, in their individual and official capacities, and Gary Dupler, an attorney for Knox County Schools [Doc. 2 p. 1]. Plaintiffs primarily allege that the Board adopted two policies, B-180 [Doc. 2-2] and B-230 [Doc. 2-3] (collectively, the "Policies"), that infringe on their First Amendment rights [*See* Doc. 2]. Despite emailing board members Katherine Bike and Daniel Watson about their concerns over the Policies, they did not respond to Plaintiffs' emails [*Id*. at 2 and 6]. Plaintiffs allege that Knox County Schools "employ various tactics to suppress speech from individuals who address their behaviors and actions" [*Id*. at 2]. For example, "the board policy of Knox County Schools utilizes the terms 'civil' and 'courteous' as a means to suppress protected speech" [*Id*.].

According to Plaintiffs, for the past thirteen years, Plaintiff Sharles Johnson has tried to "educate the school board, administration, and security department about their bigotry, complete ignorance, disrespect for ALL family boundaries and their continual 'race-ish' behaviors" [*Id*. at 3]. Plaintiffs contend that "[e]very parent or citizen has the freedom of speech and the freedom to address Knox County Schools in a public forum without hindrance or fear or retaliation" [*Id*.]. Alleging that they have "endured retaliation, discrimination, and solidarity alongside evil from

generations of administration and central office staff[,]" Plaintiffs request the Court to find that the Board does not "have the legal or constitutional standing to enforce" the Policies [*Id*. at 7].

Based on the above, Plaintiffs challenge the Policies under various rights protected by the First Amendment [*Id*. at 8–14].

**B.  Screening of the Complaint**

Before turning to the allegations, the Court notes that four of the Plaintiffs in this case are minors [Doc. 2 p. 1]. "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. But this "statute[, 28 U.S.C. § 1654,] does not permit plaintiffs to appear *pro se* where interests other than their own are at stake." *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (citation omitted). And it is well established that "parents cannot appear *pro se* on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative." *L.A. ex rel. Arnold v. Mitchell*, No. 3:11-1088, 2012 WL 1831246, at *2 (M.D. Tenn. May 18, 2012), *report and recommendation adopted by* No. 3:11-cv-1088, Doc. 117 (M.D. Tenn. Sept. 20, 2012), *aff'd*, No. 12-6299 (6th Cir. Jan. 22, 2013).

This is not the first time Plaintiff Sharles Johnson has attempted to represent his children in federal court, and the Court has advised Plaintiff Sharles Johnson that a parent proceeding pro se may not assert claims on behalf of his child. *See Johnson v. Knox Cnty.*, 3:19-cv-179, Doc. 47 (E.D. Tenn. Dec. 15, 2021). Should Plaintiff Sharles Johnson not retain counsel for his minor children on or before **July 7, 2023**, the Court will recommend the minors' claims be dismissed without prejudice. *See id*. (dismissing the minors' claims without prejudice because Sharles Johnson had not obtained counsel for his children).

3

Turning to Plaintiff Sharles Johnson's allegations in the Complaint, the First Amendment provides, "Congress shall make no law . . . abridging the freedom of speech, or the press, or the right of the people peaceably to assemble, and to petition the Government for redress of grievances." U.S. Const. amend I. Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

"The U.S. Constitution limits the exercise of federal judicial power to live cases and controversies." *Reynolds v. Talberg*, No. 1:18-CV-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020) (citation omitted). This means that the court can only hear cases that are justiciable, and "[a] critical component of justiciability is standing." *Id*. (citation omitted); *see also Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) ("Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." (citations omitted)). In order to have standing, a plaintiff's injury must be (1) "concrete and particularized," and (2) "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). In other words, a "generalized grievance" is not sufficient. *Reynolds*, 2020 WL 6375396, at *2.

"A plaintiff may bring suit alleging that school policies 'chill' their First Amendment rights, i.e. that the policies impermissibly dissuade the plaintiff from engaging in protected speech or religious expression for fear of reprisal under the school's policies[,]" *Reynolds*, 2020 WL 6375396, at *5 (citations omitted), but even in these cases, a litigant "must still establish that a

4

Case 3:23-cv-00183-TAV-JEM   Document 4   Filed 06/06/23   Page 4 of 6   PageID #: 34

concrete harm—i.e., enforcement of a challenged statute—occurred or is imminent." *Morrison v. Bd. of Educ. of Boyd Cnty.*, 521 F.3d 602, 610 (6th Cir. 2008) (citation omitted) (finding that the plaintiff did not have standing because his alleged injury was "based on his perception that he would be disciplined for speaking"). A challenge based on the overbreadth doctrine "relaxes the traditional requirement 'that a party may assert only a violation of its own rights.'" *Midwest Media Prop., L.L.C. v. Symmes Twp.*, 503 F.3d 456, 463 (6th Cir. 2007) (quoting *Virginia v. Am. Booksellers Ass'n, Inc.*, 484 U.S. 383, 392 (1988)). Even so, the Sixth Circuit has "reminded litigants that overbreadth does not excuse a party's failure to 'allege an injury arising from the specific rule being challenged, rather than an entirely separate rule that happens to appear in the same section of the municipal code.'" *Id*. (quoting *Prime Media, Inc. v. City of Brentwood*, 485 F.3d 343, 351 (6th Cir. 2007)).

Plaintiff Sharles Johnson has not alleged that he suffered an "actual" injury, nor has he alleged any injury that is "imminent." *Lujan*, 504 U.S. at 560–61; *see also Reynolds*, 2020 WL 6375396, at *3 ("Plaintiffs must demonstrate that there is a substantial risk that the Challenged Policies will be enforced against students in the way Plaintiffs foresee." (citation omitted)). While he generally alleges that "KCS schools and the [B]oard resort to unconventional measures to punish individuals who exercise their right to free speech and citizen their questionable actions[,]" [Doc. 2 p. 2], he does not allege that he has been the subject of such measures [*see id*. at 3 ("KCS is retaliatory so one can only imagine what they would say or do if someone violated their unconstitutional policy.")]. He also avers that Plaintiffs have "endured retaliation, discrimination, and solidarity alongside evil[,]" [*id*. at 3 and 7], but he does not provide any factual support for these allegations, nor does he explain how these allegations relate to the challenged Policies.

5

It is Plaintiff Sharles Johnson's burden to establish standing. *See Bradley v. United States*, 402 F. Supp. 3d 398, 403 (N.D. Ohio 2019) (dismissing the case during the screening process for lack of standing because the plaintiff had failed to allege standing). Instead of recommending that this case be dismissed for lack of standing, however, the Court **ORDERS** Plaintiff Sharles Johnson to show cause **on or before July 7, 2023,** why he has standing to pursue this claim. To the extent he desires to pursue his claims, Plaintiff Sharles Johnson **SHALL** file a second amended complaint on or before **July 7, 2023**, and the Court **GRANTS** him leave to file an amended Complaint. "Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint." *Polite v. VIP Cmty. Servs.*, No. 20-CV-7631 (LLS), 2020 WL 6064297, at *3 (S.D.N.Y. Oct. 13, 2020); *see also* E.D. Tenn. L.R. 15.1 (explaining that an amended complaint cannot incorporate the original complaint by reference).

Plaintiff Sharles Johnson is **ON NOTICE** that the failure to timely file an amended complaint or to state a claim in the amended complaint may result in the dismissal of his claims. The Application to Proceed in District Court without Prepaying Fees or Costs [**Doc. 4**] is **HELD IN ABEYANCE** pending the Court's review of Plaintiff's amended complaint, should he choose to file one, and the Court's determination or recommendation of how the minors' claims should proceed.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge